T.C. Summary Opinion 2007-21


UNITED STATES TAX COURT


ANDREW LENARD JONES, Petitioner v.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 18523-05S.           Filed February 12, 2007.


Andrew Lenard Jones, pro se.

Ashley F. Giles, for respondent.


POWELL, Special Trial Judge:  This case was heard pursuant to the provisions of section 7463 of the Internal Revenue Code in effect at the time the petition was filed.[1]  The decision to be entered is not reviewable by any other court, and this opinion should not be cited as authority.

---

[1]     Unless otherwise indicated, subsequent section references are to the Internal Revenue Code in effect for the year in issue.

Respondent determined a deficiency of $2,214 and an accuracy-related penalty under section 6662(a) of $442.80 in petitioner's 2002 Federal income tax. At the time the petition was filed, petitioner resided in Covington, Georgia.

The relevant facts may be summarized as follows. During 2002, petitioner was employed full-time at an airport in Atlanta, Georgia. For approximately 15 years, petitioner owned a so-called "dirt" motorcycle or bike. In 2001, he sold the dirt bike and on May 15, 2002, purchased a so-called "street" motorcycle or bike for $9,490. On May 6, 2002, prior to purchasing the street bike, petitioner completed an Introduction to Motorcycle Riding course provided at the Atlanta Motorcycle Schools.

Petitioner alleges that in 2002 he was engaged in the business of providing motorcycle lessons to other parties. Petitioner allegedly operated the business, Safe Cycle, as a sole proprietorship. On Schedule C, Profit or Loss From Business, of his 2002 return petitioner reported income of $425 received from two alleged clients and claimed deductions totaling $8,621 as follows:

| | |
|---|---|
| Car & truck expenses | $1,721 |
| Advertising | 50 |
| Depreciation | 5,472 |
| Office expense | 75 |
| Supplies | 104 |
| Other expenses | 1,199 |

The "other expenses" include $550 for Internet service. However, Safe Cycle did not have a Web page. Petitioner did not obtain a

business license, liability insurance, or a bank account for Safe Cycle. Petitioner did not "do any kind of financial analysis", nor did he prepare a budget for the motorcycle activity. He "just shoestringed it." Respondent disallowed the claimed deductions.

Petitioner's 2002 tax return was prepared by "My Tax Man, Inc.", which was organized and operated by Daniel Gleason. Mr. Gleason was subsequently enjoined from promoting, marketing, or selling fraudulent tax schemes by a Federal District Court. Petitioner had discovered Mr. Gleason through an advertisment.

## Discussion

### A. Business Activity

Section 162(a) allows a deduction for ordinary and necessary expenses paid or incurred in carrying on a trade or business. Petitioner claims to be in the trade or business of providing motorcycle lessons, and we are, therefore, faced with the initial question whether he is in a trade or business within the meaning of section 162. In Commissioner v. Groetzinger, 480 U.S. 23, 35 (1987), the Supreme Court held that "if one's * * * activity is pursued full time, in good faith, and with regularity, to the production of income for a livelihood, and is not a mere hobby, it is a trade or business".

Furthermore, generally, under section 183(a) and (b) an individual is not allowed deductions attributable to an activity

"not engaged in for profit" except to the extent of gross income generated by the activity. Section 183(c) defines an activity "not engaged in for profit" as any activity other than one for which deductions are "allowable * * * under section 162 or under paragraph (1) or (2) of section 212." Essentially the test for determining whether an activity is engaged in for profit is whether the taxpayer engages in the activity with the primary objective of making a profit. See Antonides v. Commissioner, 893 F.2d 656, 659 (4th Cir. 1990), affg. 91 T.C. 686 (1988). Although the expectation need not be reasonable, the expectation must be bona fide. See Hulter v. Commissioner, 91 T.C. 371, 393 (1988). Furthermore, in resolving the question, greater weight is given to the objective facts than to the taxpayer's statement of intentions. See Thomas v. Commissioner, 84 T.C. 1244, 1269 (1985), affd. 792 F.2d 1256 (4th Cir. 1986).

Section 1.183-2(b), Income Tax Regs., contains a nonexclusive list of factors to be used in determining whether an activity is engaged in for profit. These factors are: (1) The manner in which the taxpayer carries on the activity; (2) the expertise of the taxpayer or his advisers; (3) the time and effort expended by the taxpayer in carrying on the activity; (4) the expectation that assets used in the activity may appreciate in value; (5) the success of the taxpayer in carrying on similar or dissimilar activities; (6) the history of income or losses

with respect to the activity; (7) the amount of occasional profit, if any; (8) the financial status of the taxpayer; and (9) any elements of personal pleasure or recreation. No single factor, nor simple numerical majority of factors, is controlling. See Cannon v. Commissioner, 949 F.2d 345, 350 (10th Cir. 1991), affg. T.C. Memo. 1990-148.

Petitioner presented little evidence concerning many of the factors contained in the regulations.[2] We, therefore, focus on the factors that form our decision.

What concerns us most is the lack of any financial planning whatsoever. Petitioner "had basically faith" in his belief that he would make a profit. Moreover, there is nothing in the record to reasonably suggest that the activity, as petitioner operated it during the year in question, would ever be profitable. He may have had a written business plan, but a plan without any financial data would have been useless.

Furthermore, there is little to distinguish the personal aspects of the activity from the business aspects. Petitioner had no business license, no business insurance, no business bank account, and no books of accounts that one would generally associate with a trade or business. We also note that most of

---

[2]     Petitioner does not argue, nor does the record establish, that petitioner satisfied the requirements of sec. 7491(a).

petitioner's expenditures (helmet, jacket, etc.) would relate to a hobby as well as a business activity.

In sum, we do not find that petitioner's motorcycle activity constituted a trade or business entered into for profit.

B.  Negligence

Section 6662(a) provides that, if the section applies, there is imposed a penalty in an amount equal to 20 percent of the portion of the underpayment.  The penalty applies, inter alia, to an underpayment due to negligence or disregard of the rules or regulations.  Sec. 6662(b)(1).  The term "disregard" includes "any careless, reckless, or intentional disregard."  Sec. 6662(c).  Negligence includes "any failure to make a reasonable attempt to comply".  Id.

We focus on whether petitioner was negligent in deducting expenses of his motorcycle activity on his tax return. Petitioner launched into this activity with little, if any, experience in running a business to teach others to operate motorcycles.  He had no financial idea of how he could get customers in sufficient number to meet the expenses of starting and operating such a business, and he maintained no meaningful records.  Petitioner used a tax return preparer, but there is no indication that the return preparer was competent.  On the other hand, petitioner had ridden motorcycles for many years as a hobby, albeit perhaps of a different nature.  Petitioner has not

satisfied the Court that profit, rather than hobby, was the motive for his expenditures.[3]  We sustain respondent's determination under section 6662(a).

Reviewed and adopted as the report of the Small Tax Case Division.

Decision will be entered

for respondent.

---

[3]    Respondent has established his burden of production under sec. 7491(c).